**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KRUSH COMMUNICATIONS, LLC,**

    **Plaintiff,**

v.                                                 Case No. 8:13-cv-2688-T-30TGW

**NETWORK ENHANCED TELECOM,**
**LLP, d/b/a NETWORKIP,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Krush Communications, LLC's Motion to Dismiss Certain Claims in Defendant's Counterclaim (Dkt. 21) and Defendant Network Enhanced Telecom, LLP, d/b/a NetworkIP's Response in Opposition (Dkt. 25). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## DISCUSSION

Plaintiff Krush Communications, LLC filed the instant action, seeking a declaratory judgment that Defendant Network Enhanced Telecom, LLP, d/b/a NetworkIP does not have an ownership interest in Krush. NetworkIP filed a counterclaim, alleging the following claims: (1) promissory estoppel; (2) breach of implied-in-fact contract; (3) breach of implied-in-law contract; (4) breach of fiduciary duty; (5) negligent misrepresentation; (6) fraudulent misrepresentation; (7) unjust enrichment; (8) conversion; (9) constructive trust; and (10)

declaratory judgment. In essence, NetworkIP claims an equity interest in Krush. In the alternative, NetworkIP seeks damages related to its financial investments in Krush.

Krush now moves to dismiss NetworkIP's counterclaim in part: Krush seeks dismissal of the negligent misrepresentation and fraudulent misrepresentation claims without prejudice under Fed.R.Civ.P. 12(b)(6) and Krush seeks dismissal of the unjust enrichment, conversion, and constructive trust claims with prejudice.

In response to Krush's motion to dismiss, NetworkIP filed an amended counterclaim (Dkt. 26). The amended counterclaim moots all but one of Krush's arguments. Specifically, NetworkIP amended its negligent and fraudulent misrepresentation claims to assert additional details related to the oral misrepresentations Krush made to NetworkIP.[1] NetworkIP withdrew the conversion and constructive trust claims. Accordingly, the sole issue remaining for the Court is whether the unjust enrichment claim should be dismissed with prejudice.

Krush argues that the unjust enrichment claim is duplicative of the breach of implied-in-law contract claim. NetworkIP counters that the claims are not identical because they cover "different types of unlawful conduct" on the part of Krush (Dkt. 25 at p.4). The Court agrees with NetworkIP at this stage. As NetworkIP points out, the breach of implied-in-law contract claim addresses NetworkIP's investment in Krush by allowing Krush to "short pay" invoices and by providing industry knowledge. The unjust enrichment claim addresses all of the funds NetworkIP provided to Krush, including its investment and its trade credit.

---

[1] The Court concludes that these amended allegations sufficiently plead claims for negligent and fraudulent misrepresentation under Fed.R.Civ.P. 12(b)(6).

After discovery is conducted in this case, it is possible that these two claims may become duplicative. Under that scenario, Krush may move for summary judgment on one of the claims. It is also axiomatic that, although NetworkIP may present alternative claims to the finder of fact, the Court will not award duplicative damages. Thus, this issue will be resolved, if necessary, at a later stage of this proceeding.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff Krush Communications, LLC's Motion to Dismiss Certain Claims in Defendant's Counterclaim (Dkt. 21) is granted in part and denied in part as stated herein.

2. Plaintiff's motion is granted to the extent that NetworkIP withdrew its claims for conversion and constructive trust. Plaintiff's motion is denied with respect to NetworkIP's unjust enrichment claim. Plaintiff's motion is otherwise rendered moot.

3. Plaintiff shall file an Answer to NetworkIP's Amended Counterclaim (Dkt. 26) within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 5, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-2688.mtdismiss-deny.frm