**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KRUSH COMMUNICATIONS, LLC,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No.  8:13-cv-2688-T-30TGW**

**NETWORK ENHANCED TELECOM,
LLP,**

    **Defendant.**
_____/

## **AMENDED ORDER**

THIS CAUSE comes before the Court upon Defendant Network Enhanced Telecom, LLP, d/b/a NetworkIP's Motion to Strike Plaintiff's Affirmative Defenses (Dkt. 33).  Upon review of NetworkIP's motion, the Court concludes that it should be denied.

On March 19, 2014, Plaintiff Krush Communications, LLC filed its answer to NetworkIP's counterclaim and raised eleven defenses (Dkt. 28).  NetworkIP now moves to strike five of them.  NetworkIP's motion was filed on April 14, 2014 (Dkt. 33).

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Rule 12(f) limits the time period for a party to make a motion to strike, requiring the movant to file either "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.*

It is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear that the pleading sought to be stricken is insufficient as a matter of law. *See, e.g., Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, No. 8:10-cv-2550-T-30TGW, 2011 WL 398047, at *1 (M.D. Fla. Feb. 4, 2011). "A court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

The Court's April 15, 2014 order on NetworkIP's motion concluded that NetworkIP's motion was untimely and should be denied because it failed to comply with Rule 12(f)'s twenty-one day requirement (Dkt. 34). The Court also concluded that the motion failed substantively. With respect to the issue of timeliness, the Court neglected to add three additional days to NetworkIP's deadline. Under Rule 6(d) of the Federal Rules of Civil Procedure, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." As set forth above, Rule 12(f) sets forth a "specified time after service", i.e., twenty-one days, to file a motion to strike. And Krush's answer and defenses was served under Rule 5(E). Accordingly, NetworkIP's motion was timely because it was filed within twenty-four days (i.e., 21 days + 3 additional days) after service.

Although NetworkIP's motion was timely filed, it still must be denied on the merits. NetworkIP asserts arguments that may be argued on a motion for summary judgment; they are inappropriate under the motion to strike standard.

It is therefore ORDERED AND ADJUDGED that:

1. The Court's April 15, 2014 Order (Dkt. 34) is hereby vacated.

2. Defendant Network Enhanced Telecom, LLP, d/b/a NetworkIP's Motion to Strike Plaintiff's Affirmative Defenses (Dkt. 33) is denied.

**DONE** and **ORDERED** in Tampa, Florida on April 17, 2014.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-2688.amendeddenymtstrikeAD.wpd