UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KRUSH COMMUNICATIONS, LLC,**

    **Plaintiff,**

v.                                     Case No. 8:13-cv-2688-T-30TGW

**NETWORK ENHANCED TELECOM,
LLP, d/b/a NETWORKIP,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Network Enhanced Telecom, LLP, d/b/a NetworkIP's Motion to Dismiss Amended Complaint Counts II - IV (Dkt. 32) and Plaintiff Krush Communications, LLC's Response in Opposition (Dkt. 36). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied in part and granted in part.

## BACKGROUND

Plaintiff Krush Communications, LLC filed the instant action, seeking a declaratory judgment that Defendant Network Enhanced Telecom, LLP, d/b/a NetworkIP does not have an ownership interest in Krush. NetworkIP filed a counterclaim, alleging the following claims: (1) promissory estoppel; (2) breach of implied-in-fact contract; (3) breach of implied-in-law contract; (4) breach of fiduciary duty; (5) negligent misrepresentation; (6) fraudulent misrepresentation; (7) unjust enrichment; (8) conversion; (9) constructive trust; and (10)

declaratory judgment. In essence, NetworkIP claims an equity interest in Krush. In the alternative, NetworkIP seeks damages related to its financial investments in Krush.

Krush moved to dismiss NetworkIP's counterclaim in part and, in response, NetworkIP filed an amended counterclaim. The Court granted in part and denied in part Krush's motion in light of NetworkIP's amended counterclaim. The remaining counterclaims against Krush are as follows: promissory estoppel; breach of implied-in-fact contract; breach of implied-in-law contract; breach of fiduciary duty; negligent misrepresentation; fraudulent misrepresentation; unjust enrichment; and declaratory judgment.

Krush sought unopposed leave to file an amended complaint to assert additional claims against NetworkIP. The Court granted Krush's motion. In addition to a claim for declaratory judgment, Krush now alleges the following claims: breach of contract; tortious interference with an advantageous business relationship; and a claim under the Florida Deceptive and Unfair Trade Practices Act.

NetworkIP now moves to dismiss the three newly-added claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89,

93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations."  *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

**I.     Breach of Contract**

Krush's breach of contract claim alleges that NetworkIP's claim of an ownership interest and NetworkIP's assertion of "other rights and claims" are barred by the express terms of a settlement agreement that the parties entered into on July 31, 2013 (Dkt. 31). Krush attaches the settlement agreement to its amended complaint.

A review of the settlement agreement reveals that Krush and NetworkIP resolved a dispute regarding the licensing of Krush's patent.  The settlement agreement includes language that "[a]ny and all other claims, including but not limited to the 805 Patent claim, whether known or unknown against Krush, its affiliates, officers, and employees are irrevocably void as of the date of this settlement."  (Dkt. 31-2).

NetworkIP argues that the breach of contract claim is subject to dismissal because the settlement agreement "has nothing to do with NetworkIP's 'ownership interest in Krush'" that NetworkIP asserted *after* the parties executed the July 31, 2013 settlement agreement

(Dkt. 32). NetworkIP also argues that the settlement agreement contains a release of claims but is silent with respect to a covenant not to sue.

Krush's breach of contract claim is peculiar because it is more akin to an affirmative defense regarding NetworkIP's release of any claims, known, or unknown, as opposed to an affirmative claim for damages. Indeed, Krush's affirmative defenses in response to NetworkIP's counterclaim includes the defense that the settlement agreement bars NetworkIP's counterclaims (Dkt. 28). However, the Court will not dismiss the claim at this juncture. The claim contains the necessary elements of a breach of contract claim, i.e., the existence of a contract, breach, and damages. And it is not the Court's role to interpret the contract's meaning at this juncture.

Accordingly, NetworkIP's motion is denied with respect to Krush's breach of contract claim.

## II. Tortious Interference with Advantageous Business Relationship

Krush alleges that NetworkIP tortiously interfered with its advantageous business relationship with Aggregato Global Limited. Specifically, in August 2013, representatives of Krush and NetworkIP attended an annual industry trade show. During this conference, it was announced that Krush and Aggregato Global Limited were merging. Subsequently, on August 16, 2013, NetworkIP wrote a letter to Krush claiming a 31 percent ownership interest in Krush and inquiring about the pending transaction with Aggregato. Effective September 1, 2013, the members of Krush sold 100 percent of their interest in Krush to Aggregato, USA, Inc. Subsequently, NetworkIP's counsel contacted Krush to inquire about

the details of Krush's transaction with Aggregato and again asserted NetworkIP's ownership claim. Krush contends that NetworkIP's August 16, 2013 letter and ownership demands intentionally and without justification interfered with the Krush-Aggregato relationship. As a result, Krush was damaged.

NetworkIP argues that the allegations regarding the tortious interference claim are insufficient. The Court agrees.

Under Florida law, the elements of a claim of tortious interference with an advantageous business relationship are: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *KMS Rest. Corp. v. Wendy's Int'l, Inc.,* 194 Fed. Appx. 591, 603 (11th Cir. 2006) (per curiam) (citing *Tamiami Trail Tours, Inc. v. Cotton,* 463 So. 2d 1126, 1127 (Fla. 1985)); *see also Border Collie Rescue, Inc. v. Ryan,* 418 F. Supp. 2d 1330, 1343 (M.D. Fla. 2006); *Ethan Allen, Inc. v. Georgetown Manor, Inc.,* 647 So. 2d 812, 814 (Fla. 1994). An actionable claim "generally requires 'a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered.'" *Sarkis v. Pafford Oil Co., Inc.,* 697 So. 2d 524, 526 (Fla. 1st DCA 1997) (quoting *Ethan Allen,* 647 So. 2d at 815).

NetworkIP argues, in part, that Krush fails to allege that NetworkIP interfered with Krush's business relationship with Aggregato. Krush counters that the August 16, 2013 letter constitutes interference.

The Court concludes that the allegations, including the August 16 letter, are insufficient to state a claim. The letter, which is attached to the amended complaint and is considered part of the amended complaint, is directed to *Krush*, not Aggregato, requests information about the details of the transaction between Krush and Aggregato, and invites Krush to advise NetworkIP what, if anything, Krush needs from NetworkIP "to make sure that the transaction goes smoothly." (Dkt. 26-4). This letter, standing alone, is insufficient to allege interference. And other than the letter, the amended complaint simply alleges that NetworkIP's ownership claim and demands intentionally and without justification interfered with the Krush-Aggregato relationship. The amended complaint must allege details of the interference, i.e., Krush must allege facts demonstrating *how* NetworkIP interfered with the Krush-Aggregato relationship.

The allegations also include insufficient facts regarding Krush's damages related to the alleged interference. Simply stating that Krush was damaged, without more, is insufficient.

Finally, under Florida law, "no cause of action for intentional interference exists which is the consequence of a rightful action." *Barco Holdings, LLC v. Terminal Inv. Corp.*, 967 So. 2d 281, 292-93 (Fla. 3d DCA 2007). For example, interference may be justified where a defendant acts pursuant to its contractual authority. *See, e.g., Networkip, LLC v.*

*Spread Enters., Inc.,* 922 So. 2d 355, 358 (Fla. 3d DCA 2006).  Also, "so long as improper means are not employed, activities taken to safeguard or promote one's own financial, and contractual interests are entirely non-actionable."  *Ethyl Corp. v. Balter,* 386 So. 2d 1220, 1225 (Fla. 3d DCA 1980); *see also Horizons Rehab., Inc. v. Health Care & Ret. Corp.,* 810 So. 2d 958, 964 (Fla. 5th DCA 2002) ("Under Florida law, a party is privileged to act, and his actions are non-actionable, if the actions are taken to safeguard or promote the party's own financial interests."); *Morris Commc'ns Corp. v. PGA Tour, Inc.,* 235 F. Supp. 2d 1269, 1287 (M.D. Fla. 2002) (quoting *Heavener, Ogier Servs., Inc. v. R.W. Fla. Region Inc.,* 418 So. 2d 1074, 1076 (Fla. 5th DCA 1982) ("Florida courts recognize that, 'If a defendant interferes with a contract in order to safeguard a preexisting economic interest of his own, the defendant's right to protect his own established economic interest outweighs the plaintiff's right to be free of interference, and his actions are usually recognized as privileged and nonactionable.'")).

Krush's allegations of interference describe NetworkIP's actions of attempting to secure its ownership interest, an action that is not proscribed under Florida law.  Krush contends that this issue is relevant to a motion for summary judgment, not a motion to dismiss.  But, at the motion to dismiss stage, a claim that is not plausible on its face cannot state a claim upon which relief may be granted; currently, the alleged claim is implausible under the applicable law.  Accordingly, NetworkIP's motion to dismiss is granted with respect to Krush's claim of tortious interference with an advantageous business relationship.

The Court will allow Krush to amend this claim *if* Krush can allege sufficient facts

to state an actionable claim consistent with the Court's ruling herein.  The Court reminds Krush of its duties under Federal Rule of Civil Procedure 11(b).  The Court will not hesitate to award sanctions against any party that alleges claims without a reasonable and good-faith basis.

### III.     Florida Deceptive and Unfair Trade Practices Act

Krush alleges that NetworkIP violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") because NetworkIP engaged in unfair and deceptive practice "by demanding payment for a non-existent ownership share of Krush on the eve of its pending sale with Aggregato" and engaging in a campaign to "intimidate Krush into paying NetworkIP a portion of the sales price despite the fact that NetworkIP knew that it had no ownership in Krush".  (Dkt. 31).

NetworkIP argues that this claim is subject to dismissal because FDUTPA is limited to consumer transactions and does not apply to an act or practice required or permitted by federal or state law.  Krush responds that Krush sufficiently alleges a consumer transaction because it alleges that the relationship between NetworkIP and Krush was a vendor-consumer relationship.  Krush also argues that NetworkIP's actions were not justified, thus they were not protected by federal or state law.

Whether NetworkIP's actions were justified turns on the facts and is not an appropriate basis for dismissal at this stage.  But the Court agrees that, as alleged, Krush does not sufficiently allege a consumer transaction.  Krush's past vendor-consumer relationship with NetworkIP is irrelevant to the allegations supporting the FDUPTA claim because

NetworkIP's alleged conduct in violation of the FDUTPA occurred after the parties terminated their relationship as vendor-consumer.  In other words, the allegations do not include any facts suggesting that NetworkIP used its position as a vendor to treat Krush unfairly, or deceptively.

The FDUTPA claim suffers another deficiency: the claim does not sufficiently allege "unfair" or "deceptive" conduct.  The FDUTPA makes unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.204(1).  A claim under FDUTPA applies to "unfair" or "deceptive" conduct and does not arise merely from an alleged breach of warranty or a breach of contract claim.  *See PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 n.2 (Fla. 2003) ; *Varnes v. Home Depot USA, Inc.*, No. 3:12-cv-622-J-99TJC-JBT, 2012 WL 5611055, at *1 (M.D. Fla. Nov. 15, 2012) (dismissing FDUPTA claim that "merely restates the allegations of his breach of contract and breach of warranty claims, without noting which facts show deceptive or unfair practices").

The amended complaint fails to allege sufficient facts associated with NetworkIP's deceptive or unfair practices.  Krush alleges conclusory statements regarding NetworkIP's "unfair and deceptive practice" but does not include facts that support these remarks other than the facts associated with NetworkIP's ownership demands, nearly the same facts Krush relies upon in its breach of contract claim.  Krush cannot insert the magic words "deceptive" and "unfair" to state a claim without including any further details.

Also, like the tortious interference with an advantageous business relationship claim, Krush does not allege how NetworkIP's deceptive and unfair acts damaged Krush. Notably, the amended complaint alleges that, effective September 1, 2013, the members of Krush sold 100 percent of their interest in Krush to Aggregato, USA, Inc. Thus, it is entirely unclear how Krush was damaged. Accordingly, NetworkIP's motion to dismiss is granted with respect to the FDUPTA claim, without prejudice to Krush to amend its complaint to allege sufficient facts in support of this claim. Again, Krush should be cognizant of its Rule 11(b) obligations.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Network Enhanced Telecom, LLP, d/b/a NetworkIP's Motion to Dismiss Amended Complaint Counts II - IV (Dkt. 32) is denied in part and granted in part as stated herein.

2. Defendant's motion is denied with respect to Plaintiff's breach of contract claim.

3. Defendant's motion is granted with respect to Plaintiff's tortious interference and FDUPTA claims. Plaintiff may file an amended complaint within fourteen (14) days of this Order to amend these claims.

4.  If Plaintiff elects not to amend its complaint, Defendant shall file an answer to the current amended complaint (other than Counts III and IV) within twenty-eight (28) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on April 29, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

Counsel/Parties of Record